# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REUNION INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-1649 |
| | ) | |
| v. | ) | |
| | ) | |
| STEEL PARTNERS II, L.P., STEEL PARTNERS LLC, WEBFINANCIAL CORPORATION, and LC CAPITAL MASTER FUND, LTD., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending now before the Court are Defendants' MOTION TO TRANSFER VENUE (Document No. 6) and Plaintiff Reunion Industries, Inc.'s ("Reunion") MOTION FOR MANDATORY ABSTENTION AND REMAND PURSUANT TO 28 U.S.C. § 1334(c)(2), OR IN THE ALTERNATIVE, PERMISSIVE ABSTENTION AND REMAND PURSUANT TO 28 U.S.C. § 1334(c)(1). The motions have been thoroughly briefed (Document Nos. 9, 12, 13, 14, 15, 17) and are ripe for disposition.

Factual and Procedural Background

Plaintiff originally filed the instant action in the Court of Common Pleas of Allegheny County in September 2007. Defendants removed the case, at Civil Action No. 07-1337, on the basis of federal question jurisdiction because the complaint contained claims based on the Securities and Exchange Act. Plaintiff then filed an Amended Complaint which dropped the federal claims. On November 13, 2007, the Court remanded the case to state court based upon

the parties' stipulation. On November 26, 2007, Plaintiff filed a Chapter 11 voluntary petition, Case No. 07-50727, in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division).[1]

On December 4, 2007, Defendants again removed the case to this Court, at Civil Action 07-1649. Defendant contends that this case is properly removed to federal court and moves that it be transferred to the Bankruptcy Court to be resolved as part of the bankruptcy case. Plaintiff contends that this Court cannot reach the question of transfer because it must first resolve the threshold issue of whether the case was properly removed. Plaintiff contends that this Court must abstain from adjudicating the case and must remand it to state court.

Discussion

The Court must first address Plaintiff's motion for mandatory abstention. The dispositive statutory provision is 28 U.S.C. § 1334(c)(2), which provides (emphasis added):

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 but not **arising under** title 11 or **arising in** a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain** from hearing such proceeding if an action is **commenced**, and can be **timely adjudicated**, in a State forum of **appropriate jurisdiction**.

The United States Court of Appeals for the Third Circuit issued a binding decision interpreting this provision in *Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006). In *Stoe*, the Court of Appeals stated that upon a timely motion, a district court "*must*" abstain if the following requirements are

---

[1]In August 2007, Steel Partners filed suit against Reunion in New York court to enforce its rights under a defaulted Promissory Note, which case was stayed by the bankruptcy petition.

met:

>(1) the proceeding is based on a state law claim or cause of action;
>
>(2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11;
>
>(3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;
>
>(4) an action "is commenced" in a state forum of appropriate jurisdiction; and
>
>(5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Id.* at 213. The Court will consider these requirements seriatim. It is undisputed that Plaintiff has filed a "timely motion" for mandatory abstention.

### 1. Proceeding Based on State Law

The Amended Complaint filed by the Plaintiff asserts four causes of action: fraud in the inducement, fraud in the execution, breach of fiduciary duty and breach of implied duty of good faith and fair dealing. Defendants do not contest that these causes of action are based on state law. This element is clearly satisfied.

### 2. "Arising Under" or "Arising In"

This requirement forms the crux of the parties' dispute. As explained in *Stoe*, bankruptcy jurisdiction extends to four types of title 11 matters: (1) cases "under" title 11; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11. *Id.* at 216.

The first and fourth types of title 11 matters are not in dispute. The Amended Complaint asserts claims that are, at a minimum, "related to" a case under Title 11 because they could "conceivably affect" the bankruptcy estate.[2] It is equally clear that this is not a "case under title 11" because that category is limited to the bankruptcy petition itself.[3] The parties, however, disagree as to how the terms "arising under" and "arising in" should be interpreted, which will determine whether mandatory abstention applies.

    a.    "Arising Under"

In *Stoe*, the Court explained that "a case 'arises under' title 11 'if it invokes a substantive right provided by title 11.'" *Id.* The Court further explained that "arising under" jurisdiction is analogous to the narrower federal question jurisdiction pursuant to 28 U.S.C. § 1331, for cases "arising under" the Constitution, laws or treaties of the United States. *Id.* at 217.

In *Stoe* (which involved a claim based on Pennsylvania's Wage Payment and Collection Law), the Court held that the claim arose under state law rather than the Bankruptcy Code because the Bankruptcy Code did not create the cause of action. The mere fact that federal bankruptcy law was implicated as a defense to the claim was not sufficient. The Court commented that nothing suggested that the plaintiff "could have filed his claim in a federal district court, had [Debtor] not been in bankruptcy." *Id.*

Applying this standard, Reunion's claims do not "arise under" title 11. The Amended Complaint asserts well-established common-law legal theories (fraud, breach of fiduciary duty,

---

[2] Thus, Plaintiffs do not challenge Defendants' ability to remove the case to federal court pursuant to 28 U.S.C. § 1334(b).

[3] Thus, this is not a case over which the federal courts have exclusive jurisdiction pursuant to 28 U.S.C. § 1334(a).

good faith) which were not created by the Bankruptcy Code. Plaintiff clearly could not have filed the case in federal court had it not declared bankruptcy. Indeed, prior to the bankruptcy filing, even Defendants agreed and stipulated that the case must be remanded to state court. Accordingly, the Court concludes that the Amended Complaint "arises under" Pennsylvania common law and does not "arise under" title 11.

        b.     "Arising In"

The statutory text of § 1334(c)(2) also requires the Court to determine whether this is a proceeding "arising in a case under title 11." In *Stoe*, the Court explained that this category "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." *Id.* at 216 (citing 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3-31). The Court continued: "Proceedings 'arise in' a bankruptcy case, 'if they have no existence outside of the bankruptcy.'" *Id.* (citation omitted). Stated by the Court another way: "But claims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *Id.* at 218 (quoting *Collier* for the proposition that "arising in" matters could not have been the subject of a lawsuit absent the filing of a bankruptcy case). In *Stoe*, the Court held that because a Wage Payment and Collection Law claim "can clearly exist outside the context of bankruptcy," the claim did not "arise in" a bankruptcy case. *Id.*

Reunion's claims for fraud, breach of fiduciary duty and breach of a duty of good faith and fair dealing certainly can and do exist outside of the bankruptcy context. Indeed, the Amended Complaint was filed prior to Reunion's declaration of bankruptcy. The Amended Complaint bears no resemblence to the administrative matters listed as examples of the "arising

5

in" category by *Collier*. Accordingly, pursuant to *Stoe*, the Amended Complaint is not one "arising in a case under title 11."

    c.  Defendants' Position

  Defendants do not directly challenge the analysis set forth above. Rather, they contend that the appropriate inquiry can be restated as whether the Amended Complaint is a "core" or "non-core" proceeding. There certainly is authority for this proposition in *Stoe,* which commented that the question of whether Plaintiff's case "arises under," "arises in" or is merely "related to" a bankruptcy case "is equivalent to the question whether [plaintiff's] claim is a 'core' or a 'non-core' proceeding within the meaning of 28 U.S.C. § 157." *Id.* at 217.

  Defendants cite § 157(b) for the proposition that core proceedings include, but are not limited to, the allowance or disallowance of claims and matters affecting the debtor-creditor relationship. Defendants point out that they are the largest creditor group in Reunion's bankruptcy. Defendants argue that the Amended Complaint is really the "functional equivalent" of a counterclaim that Reunion should have asserted in the New York case and is analogous to an objection or motion for equitable subrogation that Reunion could have asserted in the bankruptcy proceeding.[4] Defendants then reason that counterclaims which could affect a claim against the estate become part of a claims allowance process that, by its nature, could only occur in the bankruptcy context, which makes the resolution of such counterclaims "core" proceedings. In sum, Defendants argue that Reunion is engaging in forum shopping in an effort to carve-out the most-significant creditors' claims from the bankruptcy case, which will result in duplicative and

---

[4]Plaintiff vigorously objects that the Amended Complaint is not a simple recasting of its claims and defenses to repayment of the $3.5 million promissory note in the New York case, but rather, asserts a broader theory of fraud relating to a series of transactions between the parties.

possibly inconsistent litigation.

The Court recognizes Defendants' concerns regarding fairness and judicial economy. However, Defendants' convoluted argument based on § 157 cannot supplant the binding analysis set forth in *Stoe* regarding the interpretation of § 1334(c)(2) – the statute at issue. Moreover, *Stoe* does not support Defendants' proposed expansive test. The *Stoe* Court's reference to core/non-core matters is simply a recognition that Third Circuit precedent uses the same, narrow, test to determine whether a matter is core or non-core as that set forth in *Stoe* for the "arising under" and "arising in" inquiry. *See Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) ("'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'") (citations omitted). In other words, despite Defendants' efforts to recast the Amended Complaint, it would not be a "core" proceeding under Third Circuit precedent.

The specific statutory language in § 1334(c)(2) requires abstention when the statutory requirements are fulfilled. The Amended Complaint involves state law claims which are intertwined with the bankruptcy and may be affected by operation of the Bankruptcy Code. However, this only suffices to establish that the case is "related to" a bankruptcy case. As the Court of Appeals held in *Stoe*, the instant case does not "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. *Id.* at 219. Accordingly, this element of the mandatory abstention test is met.

3. Jurisdiction "But For" Bankruptcy

As noted above, Plaintiff amended the complaint to drop the federal claims and, upon the

7

stipulation of the parties, the case was properly remanded to state court. This Court would not be able to exercise jurisdiction over the Amended Complaint in the absence of Reunion's declaration of bankruptcy. This element of the test is met.

        4.        Action Commenced in State Court of Appropriate Jurisdiction

There are several components to this part of the test. It is undisputed that an action has been "commenced." Although the original state complaint was removed such that the Amended Complaint was actually filed in federal court and was then remanded back to state court, *Stoe* clarified that the abstention text applies equally to removed cases. Defendants do not challenge the "commencement" prong of the test.

Defendants argue that the Court of Common Pleas of Allegheny County is not a court of "appropriate jurisdiction" because the parties' contracts contain forum selection clauses designating New York as the exclusive forum.[5] The Court cannot agree. As explained in *Black Belt, Inc. v. 11th KYU, Inc.*, 2005 WL 2365307 (E.D. Pa. 2005), "a forum selection clause is merely a stipulation between the parties by which they request the court to decline to exercise its jurisdiction and does not operate to 'oust the jurisdiction of the courts.'" (quoting *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d Cir.1966)); *See also Epps v. 1.I.L., Inc.,* 2007 WL 4463588 (E.D. Pa. 2007) (federal courts should consider motions to enforce forum selection clauses as motions to transfer venue).

---

[5]Plaintiff's "fraudulent inducement" claim does not invalidate the forum selection clause because the Amended Complaint does not allege that Plaintiff was fraudulently induced to agree to that specific provision. *See, e.g., MoneyGram Payment Sys. v. Consorcio Oriental,* 65 Fed. Appx. 844, 847 (3d Cir. 2003).

Pennsylvania law is similar. In *Central Contracting Co. v. C.E. Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965), the Pennsylvania Supreme Court explained:

> [P]rivate parties cannot change by contract the rules of jurisdiction or venue embodied in the various laws of this Commonwealth. Jurisdiction over the party or the subject matter or venue of the cause is not a thing to be determined by private bargaining. . . . The modern and correct rule is that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation.

Thus, Defendants are entitled to seek a transfer of venue based on the forum selection clauses, but the parties' contractual agreement does not deprive the Court of Common Pleas of Allegheny County of "jurisdiction." This element of the test is met.

5.   Timely Adjudication

In *Stoe*, 436 F.3d at 219-20, the Court of Appeals stated that timeliness must be determined "with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." The Court further stated that "the requirement of 'timely adjudication' in a state forum can serve to retain a significant number of cases in federal court." *Id.* at 215.

Further guidance on the evaluation of this factor is found in *In re Lorax Corp.*, 295 B.R. 83, 93 (N.D. Tex. Bankr. 2003):

> Courts discussing the timely adjudication element of mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) have looked to the following factors: 1) backlog of the state court's calendar; 2) status of the bankruptcy proceeding; 3) complexity of issues; and 4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Accord In re Reliance Group Holdings, Inc.*, 273 B.R. 374, 397 (E.D. Pa. Bankr. 2002).

There is no evidence of a backlog on the docket/calendar of the state court. The bankruptcy proceeding, according to Defendants, is on a "fast track" heading towards a sale of assets, rather than a more typical reorganization. Defendants further advise that Reunion entered into an asset purchase agreement to sell the CP Division to an affiliate of Everest Kanto Cylinder Limited for $64.25 million dollars, as a stalking horse bidder. An auction was to be held on March 25, 2008 and a hearing to approve the sale of the CP Division was scheduled on March 27, 2008.[6] Defendants contend that if the CP Division of Reunion is not sold by the end of March, the debtor-in-possession financing will terminate. Given the timing, whether the instant case is remanded to state court or transferred to the District of Connecticut is unlikely to impact these events. Although this is a complex financial matter, the fraud claims asserted in the Amended Complaint are not unduly novel or complicated. Indeed, Defendants characterize them as "garden variety 'lender liability' claims." Defendants aver that they would move to assign the case to the Commerce and Complex Litigation Center. This newly-organized division of the Court of Common Pleas has the expertise to resolve such matters. Defendants submitted an affidavit for the proposition that the Commerce and Complex Litigation Center has limited resources and only two judges, that pleadings would not likely close until late spring or summer, and that extensive discovery likely will not permit trial until late 2009 or 2010. However, the court's website also states that cases will be assigned to Judge Ward "if preliminary injunctive

---

[6] The Court has examined the docket of the Bankruptcy Court in Case No. 07-50727 and notes that a hearing was held on March 27, 2008 at which Reunion's motion to sell CP Industries appears to have been granted. However, the Court is unable to determine the precise status of the reorganization.

relief or other relief requiring a prompt hearing is sought."

*http://www.alleghenycourts.us/civil/commerce_complex_litigation.asp*  Thus, it is clear that the Commerce and Complex Litigation Center has the capability to resolve this case in an expeditious manner.

In sum, although the record is sparse, the Court concludes that this factor is satisfied.  The Court of Common Pleas of Allegheny County, and particularly the Commerce and Complex Litigation Center, is capable of resolving this case and is equipped to provide expedited relief if necessary and appropriate.  The Court does not perceive how Plaintiff's decision to pursue a lawsuit against Defendants in state court would adversely impact or prolong the needs of the bankruptcy case.  Because all of the statutory requirements set forth in 28 U.S.C. § 1334(c)(2) have been satisfied, the Court "must" abstain from hearing this case.

Assuming, arguendo, that Plaintiff failed to meet its burden to demonstrate one or more of the foregoing statutory requirements, the Court would nevertheless exercise its discretion to permissively abstain pursuant to 28 U.S.C. § 1334(c)(1).  *See Bricker v. Martin*, 348 B.R. 28, 34 (W.D. Pa. 2006) (listing factors to be considered). For the reasons set forth above, and in the interest of justice and comity, Plaintiff's decision to pursue Pennsylvania common law claims before a jury in the Pennsylvania court system should be respected.  There is no doubt that, but for the bankruptcy filing, the case would have proceeded in that forum.

In accordance with the foregoing, Plaintiff Reunion Industries Inc.'s ("Reunion") MOTION FOR MANDATORY ABSTENTION AND REMAND PURSUANT TO 28 U.S.C. § 1334(c)(2), OR IN THE ALTERNATIVE, PERMISSIVE ABSTENTION AND REMAND PURSUANT TO 28 U.S.C. § 1334(c)(1) is **GRANTED** and Defendants' MOTION TO

11

TRANSFER VENUE (Document No. 6) is **DENIED AS MOOT.** This case shall be **REMANDED** to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith. The clerk shall docket Civil Action No. 07-1649 closed.

SO ORDERED this 1st day of April, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc: Stephen J. Del Sole, Esquire
Email: sdelsole@dscslaw.com

STEEL PARTNERS II, L.P., STEEL PARTNERS LLC, WEBFINANCIAL CORPORATION
Stacey M. Noble, Esquire
Email: smn@muslaw.com
Ronald L. Hicks, Jr., Esquire
Email: rlh@muslaw.com

LC CAPITAL MASTER FUND, LTD.
David J. Hickton, Esquire
Email: djhickton@bwhllc.com